IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN PROPHETE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-01692-O-BT |
| | § | |
| CREDENCE RESOURCE | § | |
| MANAGEMENT LLC, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Jean Prophete filed this lawsuit asserting claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., in the Justice Court, Precinct 2, Place 1 of Dallas County, Texas, *Prophete v. Credence Resource Management, LLC*, Case No. JPC-26-01695-21, and Defendant removed it to federal court on May 26, 2026. Rem. Not. (ECF No. 1). Thereafter, the Court ordered each party to submit a separate report regarding a proposed schedule by June 19, 2026. Ord. (ECF No. 6). The Court warned the parties that failure to timely submit the report could result in the imposition of sanctions. *See id.* (citing Fed. R. Civ. P. 37(b)(2)). Plaintiff did not file the required report by the deadline. Indeed, Plaintiff has taken no action to prosecute this case since it was removed to federal court. Accordingly, the District Judge should dismiss this case without prejudice under Rule 41(b).

## Legal Standards and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, Plaintiff failed to comply with the Court's order directing the parties to submit separate reports regarding a proposed schedule by June 19, 2026. Plaintiff neither submitted the required report nor sought an extension of time or otherwise explained the failure to comply. Plaintiff's failure to comply with the Court's order has impeded the orderly progression of this case. Moreover, Plaintiff has taken no action to prosecute this case since its removal to federal court.

Under these circumstances, dismissal without prejudice is appropriate under Rule 41(b) for failure to prosecute and failure to comply with a court order.

## Recommendation

The District Judge should dismiss plaintiff Jean Prophete's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey court orders.

**SO RECOMMENDED.**

October 5, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).